

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-16-00236-CR**

**KIHEEM GRANT,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

---

**From the 278th District Court**
**Walker County, Texas**
**Trial Court No. 27563**

---

**MEMORANDUM OPINION**

---

Kiheem Grant appeals the trial court's judgment of conviction signed on March 28, 2016. Grant was required to file a notice of appeal within 30 days of the date he was sentenced in open court. *See* Tex. R. App. P. 26.2(a)(1). His notice of appeal filed on July 19, 2016 is untimely. We have no jurisdiction of an untimely appeal and this appeal must be dismissed. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (no appellate jurisdiction where notice of appeal is untimely). Further, because the trial court's

certificate of right of appeal that Grant signed indicates that the underlying criminal case was a plea bargain case and Grant has no right to appeal, and because it also indicates that Grant waived his right to appeal, this appeal must be dismissed. *See* TEX. R. APP. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules."); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (plea bargain); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (waiver of appeal).

For the reasons stated, this appeal is dismissed.[1]

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed July 27, 2016
[CR 25]



---

[1] A motion for rehearing may be filed within 15 days after the judgment of this Court is rendered. *See* TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within 30 days after either the day this Court's judgment was rendered or the day the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a).